**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                  Case No.:        8:13-bk-08403-CPM
DIEGO BARRIENTOS
MARIA TERESA BARRIENTOS
               Debtors                            Chapter:       7
_____/

**UNITED STATES TRUSTEE'S**
**OBJECTION TO TRUSTEE'S REPORT AND NOTICE OF**
**INTENTION TO SELL PROPERTY OF THE ESTATE**

COMES NOW the Acting United States Trustee for Region 21, by and through his duly authorized Trial Attorney, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586, and submits the following objections to the Chapter 7 Trustee's proposed sale of estate property. (Doc. No. 40). The United States Trustee, in support thereof states:

1. The Trustee's Report and Notice of Intention to Sell Property of the Estate, (Doc. No. 40), seeks to sell the estates interest in the real property commonly known as:

    16605 Meadow Garden Street, Tampa, Florida 33624

    for a purchase price of $2,500.00 in "as-is" condition with no representations or warranties and subject to all liens and encumberances.

2. The Report and Notice does not provide the current value of the property but does disclose the existence of mortgage liens against the property, which the Debtor scheduled at $522,341.35.

3. The Report and Notice does not provide for the payment of all fees, costs, and taxes arising from or related to the sale.

4. The United States Trustee has been advised by the Florida Department of Revenue (FDoR) that sales similar to the one in the Report and Notice are subject to transfer taxes pursuant to Fla. Stat. § 201.02 (Excise Tax on Documents) which provides in pertinent part as follows [emphasis added]:

> **201.02 Tax on deeds and other instruments relating to real property or interests in real property.—**
>
> (1)(a) On deeds, instruments, or writings whereby any lands, tenements, or other real property, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his or her direction, on each $100 of the consideration therefor the tax shall be 70 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 70 cents for each $100 or fractional part thereof of the consideration therefor. *For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed.* If the consideration paid or given in exchange for real property or any interest therein includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.

Fla. Stat. § 201.02.

5. Further, the Florida Administrative Code provides, in pertinent part [emphasis added]:

> **12B-4.002 Liability for Tax.**
>
> (1)(a) Liability in general – Except as otherwise provided in paragraphs (2) and (3) of this rule, *the tax is payable by any of the parties to a taxable transaction*. The parties to the transaction may agree among themselves as to who shall pay the tax, *but such*

> *agreements do not relieve the others from their liability in the event the agreement is not followed*.

Fla. Admin. Code, §12B-4.002.

6. The Report and Notice does not relieve the bankruptcy estate of its obligation to pay the excise tax on documents in the event of a sale.

7. Accordingly, the United States Trustee is concerned that the proposed sale will yield little if any benefit to the estate, and could, in fact, cause the estate to be administratively insolvent as a result of the proposed sale.  This is due to the sale being subject to Florida's excise tax on documents based on the amount of the existing mortgage(s) under Florida law.  *Fla. Dept. of Rev. v. Pinellas V.P., L.L.C.*, 3 So. 3d 361, 363-64 (Fla. 2 DCA 2009)(the principal balances on the mortgages constitute taxable consideration whether or not the underlying indebtedness is assumed).

8. Safeguards, such as the Trustee escrowing sufficient and necessary funds from the buyer to satisfy the Florida excise tax on documents, are necessary in order for the bankruptcy estate to satisfy the issues identified by the FDoR in accordance with Florida statutes.  Without which, the United States Trustee objects to the Chapter 7 Trustee's Report and Notice of the proposed sale of bankruptcy estate property interests.

WHEREFORE PREMISES CONSIDERED, the United States Trustee objects to the Chapter 7 Trustee's Report and Notice of Intention to Sell Property of the Estate, and respectfully prays that this Honorable Court address the issues raised by this objection

and enter an order sustaining the objection to the sale or grant such other relief as this Honorable Court determines necessary, just, and proper in this matter.

Dated: 5 February 2014

>Respectfully submitted,
>
>GUY G. GEBHARDT
>ACTING U.S. TRUSTEE, REGION 21
>
>CYNTHIA P. BURNETTE
>Assistant U.S. Trustee
>
>By: /s/ J. Steven Wilkes (Ala Bar # WIL-278)
>Trial Attorney
>U.S. Department of Justice
>Office of the U.S. Trustee, Region 21
>501 East Polk Street, Suite 1200
>Tampa, Florida 33602
>(813) 228-2000 / fax (813) 228-2303
>steven.wilkes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically, or by U.S. mail service postage prepaid, on or before 05 February 2014:

Electronically:   Anett Lopez; Debtors' Counsel
Richard M. Dauval, Attorney for Trustee
Richard M. Dauval; Chapter 7 Trustee

>/s/ J. Steven Wilkes